I concur with the judgment rendered herein because I cannot find, based upon the record before us, that the trial court abused its discretion in finding that the police officer herein was qualified to operate the K-55 radar device.
It seems to me, however, that if it is important enough that the officer's qualification to operate such devices is a legal precedent to admission of the results, then it ought to be important enough for there to be objective standards whereby such qualification may be demonstrated.
The state of the record is that Officer Branson, the operator of the K-55 radar device herein, has taken one training course only in his entire police career in the operation of a Doppler radar device; that that training occurred in 1985, approximately thirteen years prior to the arrest herein, and three years prior to the acquisition by the Findlay Police Department of the device used herein; that he has not been re-certified since 1985.
If that bare evidence is sufficient to establish that an operator is qualified, then the requirement of "qualification" is essentially meaningless.